IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. FREE | ) |
| d/b/a/ | ) |
| ELECTRA LIGHTING | ) |
| | ) |
| v. | ) No. 2:15-cv-00857 |
| | ) |
| JAMES R. WALSH, ESQ., | ) |
| TRUSTEE OF THE BANKRUPTCY | ) |
| ESTATE OF MICHAEL J. FREE, | ) |
| d/b/a/ ELECTRA LIGHTING | ) |

# MEMORANDUM OPINION

# AND

# ORDER

## I. Synopsis

Movant is the debtor in the underlying bankruptcy case on appeal before me which was filed on June 28, 2015. ECF No. 1. The subject of Debtor's appeal is a June 15, 2015 Order by the Bankruptcy Court confirming the sale of ten firearms free and divested of liens. ECF No. 1-2. On July 9, 2015, pursuant Bankruptcy Rule of Procedure 8007, Debtor filed with the Bankruptcy Court a motion requesting stay pending appeal and reconsideration of the Bankruptcy Court's Sale Order. ECF No. 4-41. On July 20, 2015, the Bankruptcy Court denied Debtor's motion. ECF No. 4-60. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") approved the sale authorized by the Bankruptcy Court on August 14, 2015. ECF No. 8, 3. On September 1, 2015, Debtor filed the pending motion asking for a stay of the judgment pending appeal without asking for an expedited decision. ECF No. 5. Appellant, the Chapter 7 Trustee, filed a Brief in Response. ECF No. 8. On October 16, 2015, the firearms were transferred to the approved purchaser, F. Charles Logan. Return of Sale, *In re Free*, No. 10-

25460 (Bankr. W.D. Pa. Oct. 16, 2015), ECF No. 729; *see also United States v. Free*; No. 2:14-cr-00019 (W.D. Pa. Oct. 6, 2015), ECF No. 109. Because the sale and transmission of the firearms to the purchaser authorized and approved by the Bankruptcy Court has already occurred and Movant did not ask me to expedite my consideration of his request for a stay prior to transfer of the firearms, Movant's motion for stay is denied as moot. Moreover, I find Movant's motion to be without merit.

**II. Background**

The background of this case is fully set forth in the parties' briefs, as well as in the Order under appeal (ECF No. 4-34) and the Order by the Bankruptcy Court denying Movant's request to stay the Bankruptcy Court's June 15, 2015 Order Pending Appeal (ECF No. 4-60). Accordingly, I recite only the pertinent background.

Debtor/Movant voluntarily filed for relief with the U.S. Bankruptcy Court under Chapter 13. The case was converted to a case under Chapter 7 and Respondent was appointed as Trustee. At issue in this case are ten firearms Trustee determined to be part of Movant's estate. These ten firearms were seized by the Federal Bureau of Investigation ("FBI") after the United States of America commenced a criminal case against Defendant, Criminal Case No. 2:14-cr-00019. Upon conviction in December 2014, the Judge presiding over the criminal case issued an Order prohibiting the FBI from releasing the firearms. In order to complete administration of the bankruptcy estate, the Trustee filed with the Bankruptcy Court a Chapter 7 Trustee's Motion to Sell Personal Property Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances Pursuant to 11 U.S.C. Section 363(b) and (f). After a hearing, the Bankruptcy Court authorized and approved the sale of the ten firearms, conducted a competitive bidding, and determined that the highest and best offer for the firearms was F. Charles Logan, d/b/a/ Arms &

Ordinance. *See* June 15, 2015 Order, ECF No. 4-34. Because of the types of firearms at issue, the ATF had to approve the sale. The ATF subsequently approved the sale of the firearms on August 14, 2015. On October 6, 2015, in response to a motion filed by the Trustee, the Judge overseeing Movant's criminal case modified his Order prohibiting release of the firearms by authorizing and directing the FBI to release them to F. Charles Logan, the approved purchaser of the firearms at the sale approved by the Bankruptcy Court. The Order releasing the firearms became effective at 11:59 A.M. on October 13, 2015.

### III. Standard of Review

United States District Courts have jurisdiction to review appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges . . . ." 28 U.S.C. § 158(a)(1)-(3). "When reviewing a case on appeal, the court reviews the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof." *In re American Tissue, Inc.*, C.A. No. 01-10370, 2015 WL 1516973, at *2 (D. Del. 2015) (citing *In re United Healthcare Systems, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005)). "An abuse of discretion exists whenever a judicial action is 'arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used.'" *Id.* (quoting *In re Am. Classic Voyages, Co.*, 298 B.R. 222, 225 (D. Del. 2003)).

Pursuant to Bankruptcy Rule of Procedure 8007, a party can move to stay the effect of a bankruptcy court order pending a resolution on appeal. Fed. R. Bankr. P. 8007 (West 2015) (formerly Fed. R. Bankr. P. 8005). After first moving in the bankruptcy court for relief, a party may then request relief from the district court. *Id.* The party requesting relief must establish:

> (1) Whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Revel AC, Inc.*, ---F.3d---, 61 Bankr. Ct. Dec. 166, Case No. 15-1253, 2015 WL 5711358, at *7 (3d Cir. Sept. 30, 2015) (citation omitted). Courts must balance all of the factors and "consider the relative strength of the four factors." *Id.* (internal quotation marks and citation omitted). Balancing the stay factors is done according to a "sliding-scale" approach—all four stay factors are interconnected, but the first two factors are the most critical. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (1987)). Where " 'the chance of success on the merits [is only] better than negligible' and the 'possibility of irreparable injury' is low, a stay movant's request fails.' " *Id.* (quoting *Nken*, 556 U.S. at 434). As the Third Circuit recently stated:

> The analysis should proceed as follows. Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) *and* (b) will suffer irreparable harm absent a stay? If it has, we "balance the relative harms considering all four factors using a 'sliding scale' approach. However, if the movant does not make the requisite showings on either of these [first] two factors, the [] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis."
> *In re Forty-Eight Insulations*, 115 F.3d at 1300-01 (internal citation omitted). But depending on how strong a case the stay movant has on the merits, a stay is permissible even if the balance of harms and public interest weigh against holding a ruling in abeyance pending appeal.

*Id.* at *11.

**IV. Discussion**

First, on its face, Movant's motion does not indicate that it is time-sensitive. He does not ask for an emergency stay nor does he indicate that the transfer of the firearms is imminent. As Trustee points out, Movant waited 43 days after the Bankruptcy Court issued its Memorandum Order denying Debtor's motion to stay its Order approving the sale of the firearms before filing a motion with this court. ECF No. 8, 3. Other than the pending motion filed on September 1, 2015, prior to the transfer of the firearms on October 16, 2015, as authorized on October 6, 2015

by the court presiding over Movant's criminal matter, Movant did not request expedited or emergency relief from this court.

Additionally, Movant has not met his burden of proof pursuant to Federal Rule of Bankruptcy Procedure 8007. First, Movant has not made a sufficient showing that he is likely to win on the merits—he provides no legal analysis and merely enumerates the issues he raises in his appeal.[1] Second, Movant has not established that he will suffer irreparable harm absent a stay. Although Movant contends that the firearms sold are "rare and unique family heirlooms," he offers no authority to support his contention that he has the ability to control what property the Trustee liquidates. Moreover, because these firearms were subject to forfeiture as a result of Movant's criminal conviction, the firearms in question had to be sold or transferred to someone who would not give Movant control over the firearms and place him in violation of the law. *See Henderson v. United States*, 135 S. Ct. 1780, 1786-87 (2015) (holding that a court may approve the transfer of guns consistent with 18 U.S.C. § 922 "if, but only if, that disposition prevents the felon from later exercising control over those weapons, . . . One way to ensure that result . . . is to order that the guns be turned over to a firearms dealer . . . for [] sale on the open market."). Accordingly, Movant's motion for a stay pending appeal had no merit—he did not make the requisite showing on either of the first two factors, obviating the need to balance all four factors.

### V. CONCLUSION

For the foregoing reasons, I deny Debtor's motion for a stay pending appeal as moot.

An appropriate Order follows.

---

[1] Movant alleges, *inter alia*, collusion among the potential bidders; that the sale should have been stopped once the amount needed to conclude the administration of the bankruptcy estate was reached; that the notice and itemization of the items for sale was deficient and insufficient; that it was unnecessary for the Trustee to sell unique, rare, and irreplaceable firearms because the Trustee had no specific performance requirement; that the sale should have ceased upon reaching the Trustee's distribution requirement; and that an incorrect serial number had been provided for the transfer of one of the firearms. ECF No. 5, 2-3.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. FREE ) | |
| d/b/a/ ) | |
| ELECTRA LIGHTING ) | |
| ) | |
| v. ) | No. 2:15-cv-00857 |
| ) | |
| JAMES R. WALSH, ESQ., ) | |
| TRUSTEE OF THE BANKRUPTCY ) | |
| ESTATE OF MICHAEL J. FREE, ) | |
| d/b/a/ ELECTRA LIGHTING ) | |

## **ORDER**

AND NOW, this 22nd day of October, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that movant's motion for a stay pending appeal is denied as moot.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Court